a corrections officer discovered one and a half gallons of inmate-manufactured alcohol under the bottom bunk of Cruz's cell. The substance was in the late stages of fermentation and with a strong odor of alcohol. This was verified by an additional corrections officer.

To the extent that Cruz argues that the failure to conduct a laboratory test constitutes misapplication of the California Code of Regulations, Cruz fails to state a federal constitutional claim. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Even assuming the claim is cognizable, Cruz's contention fails because he cites to a regulation that is not applicable to his case, and which was not relied upon by the disciplinary board.

**AFFIRMED.**

U.S. Courthouse, Portland, OR, for Plaintiff—Appellee.

Before: GOODWIN, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM *

The only question in this appeal is whether the trial court erred in rejecting as hearsay two documents the defense offered as evidence that another person was the possessor of the 22 grams of cocaine base charged against the defendant. The trial court committed no error because the documents were not shown to be trustworthy and thus did not satisfy any relevant hearsay exception. The judgment is

AFFIRMED.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marshall Charles RICHMOND,
Defendant—Appellant.**

No. 05–30243.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 26, 2006.

Decided Aug. 1, 2006.

Jennifer Martin, AUSA, USPO—Office of the U.S. Attorney, Mark O. Hatfield

**Jesus Gustavo Uribe FIGUEROA,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–70917.

United States Court of Appeals,
Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by 9th Cir. R. 36–3.